CLAUDIO CAPÓ Y CAPÓ, Plaintiff and Appellant, *v.* JORGE ROMANÍ, Defendant and Appellee.

No. 4826.   Argued December 11, 1929.—Decided November 4, 1930.

*D. Pellón Jr.* and *A. Ayuso* for appellant.   *M. Tous Soto* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

The plaintiff in a revendicatory action alleged that the property involved was worth $500. The complaint was filed in the district court on June 10, 1926. The documentary evidence introduced at the trial showed that the property had been assessed on July 9, 1926, for taxation purposes, at $570.

The case was submitted on briefs. The district judge, of his own motion, dismissed the action for want of jurisdiction. The municipal court has jurisdiction ''in all civil matters . . . to the amount of $500, including interest''. (Compiled Statutes, 1911, section 1173.) Where the value of the property in controversy does not exceed $500 and the prayer,

as in this case, is for the recovery of the possession only, the action must be brought in the municipal court.

In an action for the recovery of a specific tract of land the complaint is prima facie evidence of value. It is not conclusive upon the point. In the absence of a demurrer and after the evidence has been introduced, the real amount and not the one claimed governs on the question of jurisdiction. 15 C. J. 750, sec. 51 *et seq.*

In the instant case there was no material variance between the allegations and the proof. The allegation that the property was worth $500 does not necessarily negative the idea that it was worth more than $500. The purpose of the allegation was to show that the district court had jurisdiction. Whether the mistake was due to an erroneous impression regarding the exact jurisdictional amount, or to a *lapsus linguae* in dictation, or to an omission on the part of the stenographer, is of no importance. The defendant was not misled in any way to his prejudice. He raised no question of variance. He did not object to the jurisdiction of the court. He did not appear at the hearing on appeal, nor has he filed any brief. The jurisdiction of the district court was sufficiently shown from a certificate issued by the Treasury Department, introduced in evidence obviously for that purpose, without any objection on the part of the defendant. The district judge should have decided the case on its merits.

The judgment appealed from must be reversed.

Mr. Justice Texidor took no part in the decision of this case.